# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition to Modify the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing, is on file)*

**Name of Offender:**   Alfredo G. Rubalcaba        **Docket Number:**   2:13CR00004-01

**Name of Judicial Officer**:   United States Magistrate Judge Carolyn K. Delaney

**Date of Original Sentence:**   8/15/2013

**Original Offense:** 18 U.S.C. 13, CVC 14601.1(a), CVC 14601.1(b)(2) - Driving When Privilege Suspended and Prior Conviction Within 5 years for Driving Under the Influence (Class A Misdemeanor) (Count 1) and 18 USC 13, CVC 23152(a) – Driving Under the Influence of Alcohol (Class B Misdemeanor)

**Original Sentence:** 36 months probation (to convert to unsupervised court probation after 45 days confinement); $35 special assessment; $1,000 fine; Confinement to begin 10/18/2013.

**Special Conditions**:
45 days custody BOP
Warrantless Search
Drug/Alcohol Treatment
Drug/Alcohol Testing
No Alcohol
Aftercare Co-payment
Not drive vehicle w/alcohol in blood
Shall not refuse chemical test per CVC 23612
Enroll and complete 2nd Offender Alcohol Education Program

**Type of Supervision:**   Probation

**Date Supervision Commenced:**   8/15/2013

**Other Court Actions:  None**

Page **1** of **4**                                        PROB 12B
                                                                          (08/13)

**PETITIONING THE COURT**

**To modify the conditions of supervision as follows:**

1. The defendant shall be monitored for a period of 45 days, with location monitoring technology, which may include the use of radio frequency (RF) or Global Positioning System (GPS) devices, at the discretion of the probation officer. The defendant shall abide by all technology requirements and shall pay the costs of location monitoring based upon their ability to pay as directed by the probation officer. In addition to other court-imposed conditions of release, the defendant's movement in the community shall be restricted as follows:

    a. The defendant shall be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer; (Home Detention)

**Justification:** The defendant was directed by this officer in a phone conversation on October 15, 2013, to report to the Rio Consumnes Correctional Center on October 18, 2013 to serve his 45-day sentence. Mr. Rubalcaba stated he was having health problems and was trying to get an extension on his self-surrender date. He was directed that unless the Court extended the self-surrender date, he was to report for custody on October 18, 2013. On that date, a voicemail message was left by a Bureau of Prisons employee, stating a friend of Mr. Rubalcaba's had called to say he needed to change his turn-in date due to health issues. On October 19, 2013, this officer received another voicemail from a doctor at Methodist Hospital indicating the defendant had been admitted to the hospital on October 18, 2013. This officer spoke to the doctor on October 21, 2013. He reported Mr. Rubalcaba was still in the hospital, and it was possible they would be keeping him several more days for further cardiac testing. He also advised that Mr. Rubalcaba going through alcohol withdrawal, coupled with his heart condition was a legitimate health concern. He was admitted to the hospital for heart failure, at which time it was also clear he had been using alcohol.

On October 25, 2013, this officer went to Mercy General Hospital in Sacramento to see Mr. Rubalcaba and discuss his medical issues and the status of his outstanding 45-day commitment. All conditions of probation were reviewed with Mr. Rubalcaba at that time. Mr. Rubalcaba indicated that he would be having further cardiac tests after his release from the hospital, and that there was a good possibility he would need to have surgery in the near future. Mr. Rubalcaba was released from the hospital on October 25, 2013. He came into the probation office on October 31, 2013, at which time he was urine tested using an instant cup. The drug screen showed a positive result for marijuana use. When confronted, Mr. Rubalcaba admitted marijuana use. He was advised he could not continue marijuana use while on federal probation. Mr. Rubalcaba was also breathlyzed. The breathalyzer test was negative for any alcohol use.

In light of Mr. Rubalcaba's serious medical issues, it is recommended that special condition Number 1, which states the defendant shall serve a total of 45 days in the custody of the Bureau of Prisons, be modified to the special condition above, requiring him to serve 45 days on location monitoring. Upon completion of his 45 days of home detention with location monitoring, probation is to convert to unsupervised court probation.

Respectfully submitted,

*/s/ Wendy E. Reyes*

**WENDY E. REYES**
**United States Probation Officer**
Telephone: (916) 683-4375

**DATED:** 11/26/2013

Reviewed by,

*/s/ Jack C. Roberson*

**JACK C. ROBERSON**
**Supervising United States Probation Officer**

**THE COURT ORDERS:**

☒ Modification approved as recommended.

☐ Modification not approved at this time. Probation Officer to contact Court.

☐ Other

/s/ Carolyn K. Delaney

**Signature of Judicial Officer**

**11/27/2013**

**Date**

CC:

United States Probation

Assistant United States Attorney: Ashwin Janakiram

Defense Counsel: Linda C. Harter